# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 9, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| ALBERT CESTARO, | * | |
| | * | No. 16-1601V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Special Master's Discretion. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * | | |

James B. Blumenstiel, Powell, OH, for petitioner.
Camille C. Collett, United States Department of Justice, Washington, DC, for respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS**[1]

On December 2, 2016, Albert Cestaro ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner received an influenza ("flu") vaccination on or about October 5, 2015. Petitioner alleged that this flu vaccination caused him to develop a shoulder injury and that he experienced the residual effects of this condition for more than six months. On April 4, 2018, I approved the parties' stipulation that compensation should be awarded to petitioner. Decision (ECF No. 49).

On April 6, 2018, petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion ("Pet. Mot.") (ECF No. 50). The motion requests $18,056.25 in attorneys' fees and $650.69 for attorneys' costs, for a total request of $18,706.29 in attorneys' fees and costs. Id. at

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the ruling is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version" of the ruling. Id. **If neither party files a motion for redaction within 14 days, the ruling will be posted on the court's website without any changes.** Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

2.  The motion provides that in accordance with General Order #9, petitioner's counsel advanced all litigation costs in this case and that none were borne by petition.  Id.

On April 8, 2018, respondent filed a response to the motion for attorneys' fees and costs.  Respondent's Response (ECF No. 51).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  Id. at 1.  Further, respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Id. at 2.  Respondent "respectfully requests that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Id. at 3.

On April 9, 2018, petitioner filed a status report indicating that his counsel had endeavored to reach an agreement with respondent's counsel on the attorneys' fees and costs, before filing the motion.  Status Report (ECF No. 52).  This matter is now ripe for adjudication.

The motion requests that petitioner's counsel, Mr. Blumenstiel, be awarded a rate of $225 for work performed from 2016 – 2018.  I and other special masters have previously found that this is a reasonable rate for Mr. Blumenstiel and have awarded the same.  See, e.g., Wisniewski v. Sec'y of Health & Human Servs., No. 15-1321V, 2017 WL 6032301 (Fed. Cl. Spec. Mstr. April 5, 2017); Reginelli v. Sec'y of Health & Human Servs., No. 14-972V, 2016 1161309 (Fed. Cl. Spec. Mstr. March 1, 2016).  In accordance with those recent decisions, I find that the hourly rates requested in this matter are reasonable and award them in full.

I have reviewed the billing records and invoices submitted with petitioner's motion.  The billing entries reflect the nature of the task performed, the amount of time expended, and the person performing each task.  The expenses incurred are well-documented and based on my experience, they generally appear reasonable and will be awarded in full.

In accordance with the foregoing, petitioners' motion for attorneys' fees and costs is **GRANTED**.  Accordingly, I award the following:

1) **A lump sum in the amount of $18,706.29, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, James B. Blumenstiel.[3]**

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered.  Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[4]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties jointly or separately filing notice renouncing their right to seek review.